IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| JENNIFER TOLLE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 07-CV-2088 ) |
| HPR AUTOMOTIVE SUPERSTORE of SULLIVAN, L.L.C., a Limited Liability Company, | ) ) ) ) ) |
| Defendant. | ) ) |

**ANSWER AND AFFIRMATIVE DEFENSE OF DEFENDANT,
HPR AUTOMOTIVE SUPERSTORE OF SULLIVAN, L.L.C.**

NOW COMES Defendant, HPR AUTOMOTIVE SUPERSTORE OF SULLIVAN, L.L.C., a Limited Liability Company ("HPR"), by its attorneys, LIETZ BANNER FORD LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Plaintiff brings this action to redress the injuries caused her by Defendant for acts of pregnancy discrimination against her, and caused by the tortuous conduct of Defendant and its agent.

**ANSWER:**    Defendant denies the allegations set forth in paragraph 1 of Plaintiff's Complaint.

2. Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e *et seq.* Jurisdiction is also invoked pursuant to 29 U.S.C. Sec. 626 and 42 U.S.C. Sec. 2000e-5(g), allowing equitable and other relief, and pursuant to 28 U.S.C. Sec. 1331 and 1343(a)(4).

**ANSWER:**    Defendant admits jurisdiction.

3. On or about June 19, 2006, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission and Illinois Department of Human Rights as charge number 440-2006-05021, charging sexual discrimination

based on pregnancy against Defendant. A copy of such charge of discrimination is attached hereto as Exhibit A and is incorporated herein by reference.

**ANSWER:** Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. On February 9, 2007, the Equal Employment Opportunity Commission issued a Notice of Right to Sue, and a copy of said Notice is attached hereto as Exhibit B and is incorporated herein by reference.

**ANSWER:** Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Plaintiff is a female citizen of the United States and a resident of Decatur, Macon County, Illinois.

**ANSWER:** Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. At all times relevant herein, Plaintiff was employed by Defendant and Defendant's automobile sales facility located in Sullivan, Moultrie County, Illinois.

**ANSWER:** Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. A all times relevant herein, Plaintiff was employed by Defendant as the funding manager.

**ANSWER:** Defendant neither admits nor denies the allegations contained in paragraph 7 of Plaintiff's Complaint. Defendant affirmatively alleges that at one time, Plaintiff was indeed employed as funding manager, but not at all relevant times.

8. At all times relevant herein, Plaintiff was pregnant, and therefore entitled to the protections of the Pregnancy Discrimination Act of 1978, codified at 42 U.S.C. Sec. 2000e(k), as set forth in the Civil Rights Act of 1964, as amended.

**ANSWER:** Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. At all times relevant herein, Defendant was and remains a Limited liability Company doing business in the State of Illinois, which operated, managed, maintained, and directed through its employees, the aforesaid automobile sales facility, known as HPR AUTOMOTIVE SUPERSTORE, in Sullivan, Moultrie County, Illinois.

**ANSWER:** Defendant admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. At all times relevant herein, Defendant was and is an employer as defined in Section 701(b), (g) and (h) of the aforesaid Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e(b), (g), and (h), in that Defendant employed at least fifteen (15) persons, and was engaged in an industry effecting commerce.

**ANSWER:** Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. On January 12, 2006, Plaintiff was employed with Defendant as a full-time employee, who had earned in excess of Thirty Thousand Dollars ($30,000.00) in salary for the year 2005. Said rate of pay was based on a salary of One Thousand Eight Hundred Dollars ($1,800.00) per month in guaranteed salary, plus Twenty-Five Dollars ($25.00) per transaction. Plaintiff also received health insurance as part of her employment.

**ANSWER:** Defendant neither admits nor denies the allegations contained in paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12. Prior to January 12, 2006, Plaintiff was performing her job in an acceptable manner.

**ANSWER:** Defendant neither admits nor denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Upon January 12, 2006, Plaintiff's physician, Hanna S. Adel, placed Petitioner on bed rest for conditions relating to her pregnancy. A copy of the doctor's note is attached hereto as Exhibit C, and is incorporated herein by reference.

**ANSWER:**  Defendant neither admits nor denies the allegations contained in paragraph 13 of Plaintiff's Complaint.  There was no Exhibit C attached to the copy of Plaintiff's Complaint.

14.    Plaintiff was unable to work until approximately February 7, 2006.  On or about February 3, 2006, Plaintiff telephoned Defendant's representatives, and informed them she was ready to return to work.  Defendant's representatives stated that her position was no longer available.  Plaintiff was denied reinstatement until February 7, 2007, when Defendant offered her a job as a title clerk, paying only Seven Dollars Fifty Cents ($7.50) per hour for a forty (40) hour week.  The aforesaid initial termination of employment, and later offer of employment at a greatly reduced rate of pay constituted a constructive discharge of Plaintiff from her job activities with Defendant.

**ANSWER:**  Defendant neither admits nor denies the allegations contained in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15.    Defendant's aforesaid actions, by and through its aforesaid representatives were taken because Plaintiff was pregnant, and constitute a violation of the aforesaid Pregnancy Discrimination Act, and a violation of 42 U.S.C. Sec. 2000e *et seq.*

**ANSWER:**  Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.    As a direct and approximate result of the aforesaid actions taken by Defendant, by and through its aforesaid representatives or employees, Plaintiff sustained great harm, including loss of income and other benefits, and has experienced great mental stress and strain, and will continue to experience such stress and strain in the future.

**ANSWER:**  Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.    Defendant's aforesaid discriminatory acts of sexual discrimination based on pregnancy, by and through its representatives or employees, were performed with malice towards Plaintiff, or alternatively, were performed with reckless indifference to the federally protected rights of Plaintiff.

**ANSWER:**   Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

WHEREFORE, Defendant, HPR AUTOMOTIVE SUPERSTORE OF SULLIVAN, L.L.C., a Limited Liability Company, respectfully prays that judgment be entered in its favor, request that this Court dismiss the entire Complaint filed in this action, deny all prayers for relief, including reinstatement, damages, and grant such appropriate relief as this Court may deem just and proper.

        HPR SUTOMOTIVE SUPERSTORE OF SULLIVAN, L.L.C., a Limited Liability Company, Defendant

        By: Lietz Banner Ford LLP, Its Attorneys

        By:      /s/ Gary Lietz
              Gary Lietz (Bar No. 1659774)
              Lietz Banner Ford LLP
              1605 S. State Street, Ste. 103
              Champaign, IL 61820
              Telephone 217/353-4900
              Facsimile  217/353-4901
              Email: glietz@lbflaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| JENNIFER TOLLE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 07-CV-2088 |
| HPR AUTOMOTIVE SUPERSTORE of SULLIVAN, L.L.C., a Limited Liability Company, | ) ) ) ) ) |
| Defendant. | ) |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

To:    Daniel C. Jones, Hefner, Eberspacher & Tapella, 215 South 17th Street, P.O. Box 627, Mattoon, Illinois 61938-0627

PLEASE TAKE NOTICE that we have filed the attached Answer And Affirmative Defense on behalf of Defendant HPR SUTOMOTIVE SUPERSTORE OF SULLIVAN, L.L.C., a Limited Liability Company, with the Clerk of the United States District Court for the Central District of Illinois, Urbana Division, a copy of which is herewith served upon you via email transmission to attorneys@het-attorneys.com and via regular U.S. Mail Delivery.

Dated this 23rd day of July, 2007.

HPR SUTOMOTIVE SUPERSTORE OF
SULLIVAN, L.L.C., a Limited Liability Company,
Defendant

By:  Lietz Banner Ford LLP, Its Attorneys


By:      /s/ Gary Lietz
    Gary Lietz (Bar No. 1659774)
    Lietz Banner Ford LLP
    1605 S. State Street, Ste. 103
    Champaign, IL 61820
    Telephone 217/353-4900
    Facsimile  217/353-4901
    Email: glietz@lbflaw.com