E-FILED
Thursday, 28 August, 2008  03:35:17 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| JENNIFER TOLLE, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>HPR AUTOMOTIVE SUPERSTORE )<br>of SULLIVAN, L.L.C., a Limited )<br>Liability Company, )<br>)<br>Defendant. ) | No. 07-CV-2088 |

**DEFENDANT'S RESPONSE AND OBJECTION TO
MOTION TO WITHDRAW AS ATTORNEY FOR PLAINTIFF**

NOW COMES Defendant, HPR AUTOMOTIVE SUPERSTORE OF SULLIVAN, L.L.C, by and through its attorney, Gary Lietz of Lietz Banner Ford LLP, and in objection to and response to the Motion to Withdraw as Attorney For Plaintiff, filed by Daniel Curtis Jones and the law firm of Hefner, Eberspacher, Tapilla, Armstrong & Grove, Defendant states as follows:

1.  In the weeks before the status conference scheduled for April 23, 2008, Defendant's attorney contacted Plaintiff's attorney to schedule the deposition of Plaintiff.

2.  In those conversations, Plaintiff's attorney advised Defendant's attorney of Plaintiff's attorney's difficulty in communicating with Plaintiff, such that it was necessary for a variety of dates to be provided regarding the scheduling and taking of said deposition.

3.  Ultimately, the deposition of Plaintiff was scheduled and took place on May 12, 2008, at Plaintiff's attorneys' offices.

4.  Soon thereafter, Plaintiff's attorney requested dates for the taking of the depositions of Jay Darst, General Manager of HPR, Jason Johnson, General Sales Manager of HPR, and Heath Estes, Custom Finance Manager of HPR, with dates identified for the taking of depositions.

5.  On July 2, 2008, Defendant propounded Requests to Produce upon Plaintiff. In a concurrent telephone conference between the respective attorneys, it was agreed that no

depositions would be taken of HPR employees until the Request to Produce had been responded to or complied with. A copy of the Request to Produce is marked as "Exhibit A," attached hereto and incorporated herein.

6. A tentative date of July 30 for the taking of the three depositions was agreed upon with Notice sent out.

7. By Monday, July 28, two days before the depositions, because no documents had been received by Defendant's counsel, Defendant's counsel attempted to communicate with Plaintiff's counsel and of necessity, spoke with Plaintiff's counsel's administrative assistant, who advised that although documents had been received, they were not certain that they were complete. It was agreed that the depositions would be postponed to a short date.

8. Thereafter at least two attempts were made by Defendant's counsel to speak with Plaintiff's counsel regarding rescheduling of the depositions and compliance with the Request to Produce. Plaintiff's counsel did not return any of the phone calls to Defendant's counsel.

9. On August 7, 2008, Defendant's counsel sent a letter to Plaintiff's counsel (a copy of which is marked as "Exhibit B," attached hereto and incorporated herein), indicating that because discovery was coming to a close, three problems existed:

    a. No documents had been received in response to the Request to Produce which were now overdue;
    b. No new dates had been discussed for the taking of the depositions of Darst, Johnson, or Estes; and
    c. Most importantly, no arrangements had been made regarding the taking of the deposition of Plaintiff's treating physician regarding the pregnancy complications sustained three months before delivery – complications which were directly relevant to Plaintiff's Complaint.

10. By April of 2008, Plaintiff's attorney admitted experiencing difficulty in communicating with his own client. That problem continued and worsened during the next three months to the point that Plaintiff could not or would not produce fundamental documents in support of her claim. (For example, Defendant requested Plaintiff to produce her tax return for

recent years to indicate employment/income during the years before, during, and after the employment ended between Plaintiff and Defendant.)

11. During July and August, Plaintiff's attorney did not respond to any phone calls. Plaintiff's attorney also didn't respond to the August 7 letter. That letter specifically referenced the reluctance of this Court to extend discovery and filing deadlines beyond dates identified in the Scheduling and Discovery Order.

12. On August 18, Plaintiff's counsel was unavailable for the scheduled status conference, despite the fact that the hearing had been noticed from postponement on two earlier occasions in the same month. That status conference was continued to the end of the week, Friday morning, August 22, at 9:30 a.m.

13. On the afternoon before the scheduled hearing, on August 21, Plaintiff's attorney filed his Motion to Withdraw. Of necessity, the hearing on Friday, August 22, would have involved the overdue discovery responses and Plaintiff's failure to arrange for or produce Plaintiff's physician's for deposition.

14. Neither Plaintiff's counsel nor Plaintiff have identified a substitute attorney to step in and represent the Plaintiff.

15. In light of the foregoing, Defendant is compelled to object to the Motion to Withdraw.

Respectfully submitted,

HPR AUTOMOTIVE SUPERSTORE OF SULLIVAN, L.L.C., a Limited Liability Company, Defendant,

By: LIETZ BANNER FORD LLP, Its Attorneys

By: _____/s/ Gary Lietz_____
Gary Lietz (Bar No. 1659774)
Lietz Banner Ford LLP
1605 S. State Street, Ste. 103
Champaign, IL 61820
Telephone 217/353-4900
Facsimile 217/353-4901
Email: glietz@lbflaw.com

3

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| JENNIFER TOLLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 07-CV-2088 |
| ) | |
| HPR AUTOMOTIVE SUPERSTORE ) | |
| of SULLIVAN, L.L.C., a Limited ) | |
| Liability Company, ) | |
| ) | |
| Defendant. ) | |

**REQUEST TO PRODUCE PURSUANT TO RULE 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant, HPR AUTOMOTIVE SUPERSTORE OF SULLIVAN, L.L.C., a Limited Liability Company, by its attorneys, Lietz Banner Ford LLP, pursuant to Supreme Court Rule 34 of the Federal Rules of Civil Procedure, directs the Plaintiff, JENNIFER TOLLE, her attorneys, her insurance carrier, and any and all other agents, to produce for inspection, copying, reproduction and photographing, at the offices of Lietz Banner Ford LLP, Suite 103, 1605 South State Street, Champaign, Illinois, within twenty-eight (28) days of receipt of this request, or at such time and place as may be agreed upon by the attorneys for the parties, the following documents, objects or tangible things, to-wit:

1. All statements (whether signed or unsigned, written or recorded) of persons having knowledge of the occurrence alleged in the Complaint, the damages claimed, or any other matters alleged in the Complaint;

2. All other documents containing facts or opinions of persons having knowledge of the occurrence alleged in the Complaint, the damages claimed, or any other matters alleged in the Complaint including, but not limited to, notes or memoranda of conversations, untranscribed tapes, court reporter notes, and correspondence with such persons,

Exhibit A

3.  All reports, bills, records or other documents, medical or otherwise, which indicate the nature and extent of the injuries and damages claimed;

4.  All reports, bills, records or other documents, medical or otherwise, which relate to the physical or mental condition of the Plaintiff before, at the time of, or after the occurrence alleged in the Complaint;

5.  All income tax records of the Plaintiff, including W-2 forms, for the five (5) years preceding the date of this request;

6.  All records sent to, received from or filed with the Equal Employment Opportunities Commission regarding any and all claims made in the above-captioned cause;

7.  All documents including, but not limited to, documents which Plaintiff intends to submit at trial for any purpose, as an exhibit or otherwise, and correspondence, memoranda, notes, bills, sent by or received by anyone including, but not limited to, the parties of this litigation, or employees thereof which are in any way related to any of the allegations contained within the Complaint, the damages claimed, or any other matters alleged.

HPR AUTOMOTIVE SUPERSTORE OF
SULLIVAN, L.L.C., a Limited Liability Company,
Defendant

By: Lietz Banner Ford LLP, Its Attorneys

By: _____
Gary Lietz (Bar No. 1659774)
Lietz Banner Ford LLP
1605 S. State Street, Ste. 103
Champaign, IL 61820
Telephone 217/353-4900
Facsimile 217/353-4901
Email: glietz@lbflaw.com

2

# LIETZ BANNER FORD LLP

ATTORNEYS & COUNSELORS

| | | |
|---|---|---|
| GARY R. LIETZ<br>DELMAR K. BANNER<br>KELLY E. FORD | 1605 S. STATE STREET, SUITE 103<br>CHAMPAIGN, ILLINOIS 61820 | (217) 353-4900<br>FACSIMILE<br>(217) 353 4901 |

glietz@lbflaw.com

August 7, 2008



Daniel C. Jones, Esq.
Hefner, Eberspacher & Tapilla
215 South 17th Street
P.O. Box 627
Mattoon, IL 61938-0627

    Re:    Depositions

Dear Mr. Jones:

    As you know, I have left you numerous phone messages regarding the status of your responses to our discovery as well as attempting to reschedule the depositions you want to take of our people.

    I remind you that September 1 is the discovery cutoff date. I had earlier written seeking your client's authorization to permit me to depose her treating obstetrician. The time is running out to accomplish this discovery.

    You may remember that we had a scheduled telephone conference with U.S. Magistrate Bernthal, which the Court reset and deferred until Monday, August 18. My experience with the Court is that they are not inclined to extend discovery deadlines when a trial date has been selected. Nevertheless, maybe you have some magical method to persuade the Court to extend discovery, or for that matter the trial date. If so, you are a most powerful person.

    I have to insist on your response to the discovery as soon as possible. I would also appreciate a return phone call.

                               Very truly yours,

                               LIETZ BANNER FORD LLP

                             By: _____
                                    Gary Lietz

GL:jlm
 bcc:   Jay Darst

Exhibit B