IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER TOLLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-CV-2088 |
| | ) | |
| HPR AUTOMOTIVE SUPERSTORE | ) | |
| of SULLIVAN, L.L.C., a Limited | ) | |
| Liability Company, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S F.R.C.P. RULE 37 MOTION

NOW COMES Defendant, HPR AUTOMOTIVE SUPERSTORE of SULLIVAN, L.L.C., and pursuant to F.R.C.P. Rule 37, moves for sanctions, including a dismissal with prejudice of the above-captioned cause, and in support thereof, states as follows:

1.  On July 2, 2008, Defendant served upon Plaintiff a Request to Produce Documents Pursuant to F.R.C.P. Rule 34. A copy of the Request to Produce is marked as "Exhibit A," attached hereto and incorporated herein.

2.  Plaintiff was required under the Federal Rules of Civil Procedure to respond to the Request to Produce no later than August 2, 2008. As of the date of the filing of this Motion, no documents have been received and no objections were made to the Request to Produce.

3.  Plaintiff's Complaint asserts discrimination in part due to her pregnancy. She delivered her child in April 11 of 2006. Plaintiff's Complaint asserts that she suffered from complications of her pregnancy during December of 2005 through February of 2006. Her treating physician provided directions and orders affecting her employment and work with and at Defendant's place of employment before the delivery of her child on April 11, 2006.

4. At the time of the taking of Plaintiff's deposition on May 12, 2008, Defendant's attorney requested assistance in making arrangements to take the deposition of Plaintiff's attending physician.

5. On August 7, 2008, Defendant's counsel sent a letter to Plaintiff's counsel indicating the existence of certain problems, most significantly, the failure of Plaintiff to make arrangements so as to enable Plaintiff's treating physician to be deposed concerning pregnancy complications sustained in the months before delivery of her child, all of which is directly relevant to Plaintiff's claim. A copy of the August 7, 2008 letter is marked as "Exhibit B," attached hereto and incorporated herein.

6. Pursuant to F.R.C.P. Rule 37(a)(1), the undersigned attorney hereby certifies that Defendant's attorney has in good faith attempted to confer with the Plaintiff's attorney to obtain discovery without Court action.

7. In light of the discovery cut-off in the Pre-Trial Order ending discovery September 1, 2008, Defendant is unable to schedule the deposition of Plaintiff's treating doctor in the remaining week before the deadline takes effect.

8. For whatever reason(s), Plaintiff and/or her attorney have failed to produce Plaintiff's treating physician for deposition in Plaintiff's claim alleging pregnancy discrimination, and have failed to produce any documents in support of her claim in response to the Request to Produce.

9. The testimony of Dr. Adel Hanna, Plaintiff's treating physician while pregnant, is required -- along with any and all relevant clinical or progress notes, including prior treatment of Plaintiff for her two previous pregnancies.

10. Because Plaintiff has failed to produce any document, and Plaintiff's failure to arrange and provide for the deposition of her treating physician in her pregnancy discrimination claim, Plaintiff should be compelled to appear before Court and provide reasonable cause as to why her claim should not be dismissed.

11. Even in the event that Plaintiff is able to provide good cause why Plaintiff's Complaint should not be dismissed, Plaintiff and/or her counsel should be sanctioned by this Court for failing to comply with discovery, failing to produce her treating physician, and compelling Defendant to file this Motion.

    Respectfully submitted,

    HPR AUTOMOTIVE SUPERSTORE OF
    SULLIVAN, L.L.C., a Limited Liability Company,
    Defendant,

    By: LIETZ BANNER FORD LLP, Its Attorneys


By:       /s/ Gary Lietz_____
    Gary Lietz (Bar No. 1659774)
    Lietz Banner Ford LLP
    1605 S. State Street, Ste. 103
    Champaign, IL 61820
    Telephone 217/353-4900
    Facsimile  217/353-4901
    Email: glietz@lbflaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| JENNIFER TOLLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 07-CV-2088 |
| ) | |
| HPR AUTOMOTIVE SUPERSTORE ) | |
| of SULLIVAN, L.L.C., a Limited ) | |
| Liability Company, ) | |
| ) | |
| Defendant. ) | |

### REQUEST TO PRODUCE PURSUANT TO RULE 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant, HPR AUTOMOTIVE SUPERSTORE OF SULLIVAN, L.L.C., a Limited Liability Company, by its attorneys, Lietz Banner Ford LLP, pursuant to Supreme Court Rule 34 of the Federal Rules of Civil Procedure, directs the Plaintiff, JENNIFER TOLLE, her attorneys, her insurance carrier, and any and all other agents, to produce for inspection, copying, reproduction and photographing, at the offices of Lietz Banner Ford LLP, Suite 103, 1605 South State Street, Champaign, Illinois, within twenty-eight (28) days of receipt of this request, or at such time and place as may be agreed upon by the attorneys for the parties, the following documents, objects or tangible things, to-wit:

1. All statements (whether signed or unsigned, written or recorded) of persons having knowledge of the occurrence alleged in the Complaint, the damages claimed, or any other matters alleged in the Complaint;

2. All other documents containing facts or opinions of persons having knowledge of the occurrence alleged in the Complaint, the damages claimed, or any other matters alleged in the Complaint including, but not limited to, notes or memoranda of conversations, untranscribed tapes, court reporter notes, and correspondence with such persons,

Exhibit A

3. All reports, bills, records or other documents, medical or otherwise, which indicate the nature and extent of the injuries and damages claimed;

4. All reports, bills, records or other documents, medical or otherwise, which relate to the physical or mental condition of the Plaintiff before, at the time of, or after the occurrence alleged in the Complaint;

5. All income tax records of the Plaintiff, including W-2 forms, for the five (5) years preceding the date of this request;

6. All records sent to, received from or filed with the Equal Employment Opportunities Commission regarding any and all claims made in the above-captioned cause;

7. All documents including, but not limited to, documents which Plaintiff intends to submit at trial for any purpose, as an exhibit or otherwise, and correspondence, memoranda, notes, bills, sent by or received by anyone including, but not limited to, the parties of this litigation, or employees thereof which are in any way related to any of the allegations contained within the Complaint, the damages claimed, or any other matters alleged.

HPR AUTOMOTIVE SUPERSTORE OF
SULLIVAN, L.L.C., a Limited Liability Company,
Defendant

By: Lietz Banner Ford LLP, Its Attorneys

By: _____
Gary Lietz (Bar No. 1659774)
Lietz Banner Ford LLP
1605 S. State Street, Ste. 103
Champaign, IL 61820
Telephone 217/353-4900
Facsimile  217/353-4901
Email: glietz@lbflaw.com

2

# LIETZ BANNER FORD LLP

ATTORNEYS & COUNSELORS

| | | |
|---|---|---|
| GARY R. LIETZ<br>DELMAR K. BANNER<br>KELLY E. FORD | 1605 S. STATE STREET, SUITE 103<br>CHAMPAIGN, ILLINOIS 61820 | (217) 353-4900<br>FACSIMILE<br>(217) 353 4901 |

glietz@lbflaw.com

August 7, 2008

Daniel C. Jones, Esq.
Hefner, Eberspacher & Tapilla
215 South 17th Street
P.O. Box 627
Mattoon, IL 61938-0627



Re:   Depositions

Dear Mr. Jones:

As you know, I have left you numerous phone messages regarding the status of your responses to our discovery as well as attempting to reschedule the depositions you want to take of our people.

I remind you that September 1 is the discovery cutoff date. I had earlier written seeking your client's authorization to permit me to depose her treating obstetrician. The time is running out to accomplish this discovery.

You may remember that we had a scheduled telephone conference with U.S. Magistrate Bernthal, which the Court reset and deferred until Monday, August 18. My experience with the Court is that they are not inclined to extend discovery deadlines when a trial date has been selected. Nevertheless, maybe you have some magical method to persuade the Court to extend discovery, or for that matter the trial date. If so, you are a most powerful person.

I have to insist on your response to the discovery as soon as possible. I would also appreciate a return phone call.

Very truly yours,

LIETZ BANNER FORD LLP

By: _____
Gary Lietz

GL:jlm
bcc:   Jay Darst

Exhibit B